UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-60233-CIV-DIMITROULEAS/ROSENBAUM

GIRARD H. RODGERS, JR.,

      Plaintiff,

v.

COSTA CROCIERE S.p.A.,

      Defendant.
_____/

## ORDER

This matter is before the Court upon Defendant Costa Crociere S.p.A.'s Motion to Quash or Motion for Protective Order to Limit Scope of Rule 30(b)(6) Deposition [D.E. 39]. For reasons that are not explained in the Motion, Defendant filed this Motion at 3:22 p.m. today, March 23, 2009, seeking to quash a deposition set to begin tomorrow, March 24, 2009, at 10 a.m., even though Defendant appears to have received notice of the deposition two weeks ago, on March 9, 2009, based on a facsimile legend appearing at the top of the deposition notice. The Court further notes that the discovery deadline in this case expires on April 17, 2009.

As the reason for the Motion, Defendant argues principally that the deposition notice sets forth areas of inquiry that "exceed[] the parameter of relevant discovery." D.E. 39 at 3. It further asserts that the notice fails to comply with the notice requirements of Rule 30(b)(6) and Rule 34, the location of the deposition with respect to Issues 3 and 4 must be in Broward County, and the deposition was unilaterally noticed. *Id.* at 1. Defendant has made the Court aware of no reason why it could not have addressed these issues two weeks ago, when it received the deposition notice at

issue.  In absence of an explanation of why Defendant waited until the eve of the deposition to seek protection, as well as in view of the fact that the Court cannot provide Plaintiff with a fair opportunity to respond to Defendant's Motion before the deposition set to begin tomorrow morning, the Court now **DENIES** Defendant's Motion to Quash or Motion for Protective Order to Limit Scope of Rule 30(b)(6) Deposition [D.E. 39].

Should issues arise during the course of the deposition, the parties may make appropriate motions to address them.  The Court anticipates, however, that the parties' positions in any such motions, whether to compel, for protective order, or anything else, shall be substantially justified.  In the absence of substantial justification or other circumstances rendering an award unjust, the Court will have no choice but to impose attorney's fees on a party filing such a motion.

**DONE AND ORDERED** this 23rd day of March, 2009.

ROBIN S. ROSENBAUM
UNITED STATES MAGISTRATE JUDGE

cc:   Hon. William P. Dimitrouleas
      Counsel of Record